IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2000 NOV 30 P 5:03

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| PATRICK D. MOODY, | |
| Plaintiff, | |
| -VS- | CIVIL ACTION FILE NO.: CV200-176 |
| GLYNN COUNTY, GEORGIA, CARL ALEXANDER, J.S. POWELL, MARC NOLDEN, LYNN BREWSTER, DENNIS KRAUSS, and LEE DOWDY, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

PATRICK D. MOODY, files this his Complaint for Damages against the Defendants, GLYNN COUNTY, GEORGIA, CARL ALEXANDER, J.S. POWELL, MARC NOLDEN, LYNN BREWSTER, DENNIS KRAUSS, and LEE DOWDY.

## I. INTRODUCTION

-1-

Plaintiff **PATRICK D. MOODY,** bring this action against Defendants, **GLYNN COUNTY, GEORGIA, CARL ALEXANDER, J.S. POWELL, MARC NOLDEN, LYNN BREWSTER, DENNIS KRAUSS, and LEE DOWDY** to compensate him for damages, injuries and medical expenses suffered from violation of his constitutional and civil rights under color of state law by Defendants and to punish Defendants, for this wrong against **PATRICK D. MOODY** such that it will deter Defendants from subjecting others to such wrongful and egregious conduct. Plaintiff seeks damages for violation of 42 U.S.C. §1983. Plaintiff also demands a trial by jury.

1

## II. JURISDICTION

-2-

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this is a case brought pursuant to the Constitution, laws or treaties of the United States; and pursuant to 28 U.S.C. § 1343 (a) (1) and (3) because this is an action brought to redress injuries to Plaintiff's person and property and the deprivation, under color of Georgia law, statutes ordinances, regulations, customs or usages of rights, privileges or immunities secured by the Constitution of the United States, or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

## III. VENUE

-3-

Mr. Moody incorporates by reference and realleges Paragraphs One (1) through Two (2) herein through this specific reference

-4-

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1343.

-5-

Defendant **GLYNN COUNTY GEORGIA** is a county government located in the Brunswick Division of the United States District Court for the Southern District of Georgia.

-6-

Defendant **CARL ALEXANDER** is the chief of the Glynn County Police Department. Defendants, **J.S. POWELL, MARC NOLDEN, LYNN BREWSTER, DENNIS KRAUSS, and LEE DOWDY** are police officers of the Glynn County Police Department. All Defendants reside

within said district. A substantial part of the events, omissions, incidents, and injuries giving rise to this claim occurred within said district.

## IV.   PARTIES

### -7-

Mr. Moody incorporates by reference and realleges Paragraphs One (1) through Six (6) herein through this specific reference.

### -8-

At all times herein, Mr. Moody has resided in Brunswick, Glynn County, Georgia which is in the Brunswick Division of the United States District Court for the Southern District of Georgia and is subject to the jurisdiction of this Court.

### -9-

Defendant **GLYNN COUNTY GEORGIA** is a county government located in the Brunswick Division of the United States District Court for the Southern District of Georgia and is subject to the jurisdiction of this Court.

### -10-

Defendant **CARL ALEXANDER** is the Chief Executive Officer of the Glynn County Police Department which is the law enforcement arm of Defendant **GLYNN COUNTY, GEORGIA**.

### -11-

Defendant Alexander is and was at all relevant times a policy maker for the other individual Defendants.

-12-

Defendants, **J.S. POWELL, MARC NOLDEN, LYNN BREWSTER, DENNIS KRAUSS, and LEE DOWDY** were at all relevant times employed by Defendant Glynn County as law enforcement officers through the Glynn County Police Department.

-13-

All individual Defendants acted in conspiracy with each other.

-14-

At all relevant times all individual Defendants acted under color of Georgia law, statutes, ordinances, regulations, customs or usages to deprive Plaintiff of rights, privileges or immunities secured to him by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

-15-

The acts and omissions of the Defendants hereinafter described violated Plaintiff's right to due process and equal treatment under the law.

## V. STATEMENT OF THE FACTS

-16-

Mr. Moody incorporates by reference and realleges Paragraphs One (1) through Fifteen (15) herein through this specific reference

-17-

Sometime in October, 1998, at around 8 a.m. Defendant Powell stopped Shariest Drayton for an alleged window tint violation at a Phillips 66 Gas Station at Altama Avenue and Community Road located in Brunswick, Glynn County, Georgia..

**-18-**

Ms. Drayton drove a red two (2) door Volkswagen Jetta given to her by Mr. Moody.

**-19-**

Ms. Drayton stated that the car belonged to her.

**-20-**

Defendant Powell then stated that he had previously seen her brother driving the Jetta.

**-21-**

Ms. Drayton identified the person Defendant Powell had seen as Mr. Moody, her boyfriend.

**-22-**

Defendant Powell did not indicate that he had stopped Mr. Moody before for any violation.

**-23-**

Defendant Powell asked Ms. Drayton to roll the side window up so he could check the tint.

**-24-**

Defendant Powell then returned to his car, turned on his blue lights and returned to the Jetta with a tint meter.

**-25-**

Ms. Drayton asked Defendant Powell what the gadget was, and he replied it was a meter used by the police to test the darkness of window tinting.

**-26-**

Defendant Powell "tested" the window tint and said it was "13".

**-27-**

Defendant Powell did not calibrate said meter or exhibit its reading to Ms. Drayton.

-28-

Defendant Powell then asked for Ms. Drayton's license and insurance and wrote a citation for too dark window tint .

-29-

Ms. Drayton did not receive a notice to attend court until May 1999.

-30-

Ms. Drayton also received notice from the Georgia Department of Public Safety State that her license had been suspended for not appearing in court.

-31-

Ms. Drayton had no choice but pay the fine of $118.50 and a license reinstatement fee of $35.00.

-32-

On December 1, 1998, Defendant Powell again stopped the same Volkswagen Jetta, driven by Mr. Moody this time.

-33-

Defendant Powell stopped Mr. Moody at approximately 10:00 p.m. at or near the intersection of U.S. Highway 17 and Spur 25 in Brunswick, Glynn County Georgia.

-34-

Defendant Powell claimed that he stopped Mr. Moody for a window tint violation.

-35-

As Defendant Powell spoke to Mr. Moody, Defendant Dowdy arrived, at Defendant Powell's request, to test the tint in Mr. Moody's vehicle.

-36-

At Defendant Dowdy's order Mr. Moody rolled his window half way down.

-37-

Defendant Dowdy then placed the meter on the window and informed Mr. Moody that the window "tested 13".

-38-

Neither Defendant Powell nor Defendant Dowdy calibrated the meter or permitted Mr. Moody to read it.

-39-

Defendant Powell then allegedly wrote a citation charging Mr. Moody with a window tint violation.

-40-

At this point, all Glynn County Police business with Mr. Moody had ended.

-41-

Mr. Moody should have been free to leave.

-42-

Instead, Defendant Powell kept Mr. Moody at the scene for another 2-3 minutes.

-43-

Defendant Powell told Mr. Moody to turn off his car and get out.

-44-

Mr. Moody asked Defendant Powell why?

-45-

Defendant Powell stated that he planned to search Mr. Moody's car for drugs.

-46-

No probable cause existed for Defendant Powell to search Mr. Moody's car.

-47-

Mr. Moody reminded Defendant Powell that Defendant Powell did not stop Mr. Moody for a drug offense and had already given Mr. Moody a citation replied that isn't what you stopped me for. Give me my ticket so I can go.

-48-

Mr. Moody refused to consent to the search.

-49-

Defendant Powell told Mr. Moody that if Mr. Moody did not consent to a search, Defendant Powell would call the drug dogs to search the car.

-50-

Defendant Powell called Defendant Brewster, a Glynn County K-9 officer

-51-

When Defendant Brewster arrived Mr. Moody was searched by Defendant Powell and placed in the rear of Defendant Powell's vehicle.

-52-

Mr. Moody's passenger was searched by Defendant Dowdy and then placed in Defendant Dowdy's vehicle.

-53-

Mr. Moody was able to observe Defendant Brewster and the dog walk around Mr. Moody's vehicle.

8

-54-

Defendant Brewster and the dog circled Mr. Moody's vehicle.

-55-

Mr. Moody observed no unusual behavior on the part of the dog while he was able to observe it.

-56-

On returning to the dog's starting place, the dog just stood.

-57-

Mr. Moody heard Defendant Powell ask Defendant Brewster if the dog alerted.

-58-

Defendant Brewster replied it did.

-59-

Defendants Powell and Dowdy searched Mr. Moody's vehicle several times, claiming that they found suspected cocaine.

-60-

Mr. Moody never saw any suspected cocaine in the had of either officer.

-61-

Defendants Powell and Dowdy took money that Mr. Moody had in his possession.

-62-

Defendants Powell then arrested Mr. Moody for possession of cocaine.

-62-

Defendant Powell and Defendant Nolden both made drug field tests on the alleged substance

9

and claimed positive results.

-63-

Both Defendants Powell and Nolden knew that the field test were unreliable.

-64-

The Georgia Bureau of Investigation later tested the alleged substance and it tested negative for cocaine.

-65-

Mr. Moody had to pay a bondsperson, Liberty Bail Bond, the sum of $1,600.00 to be released from jail.

-66-

A superior court judge entered a *nolle prosequi* in this case on June 2, 1999.

-67-

Sometime in August, 1999 Mr. Moody received notice from the State that his driver's license was being suspended because of traffic points Mr. Moody had accumulated.

-68-

In September, 1999 Mr. Moody attended classes required by the State to get the points off of Mr. Moody's record.

-69-

On September 24, 1999 Mr. Moody's license was reinstated and Mr. Moody was furnished a notice to that effect.

-70-

On September 27, 1999 former Glynn County Police Officer Defendant Krauss obtained a

warrant for the arrest of Mr. Moody.

-71-

Said warrant charged Mr. Moody with allegedly driving on a suspended license on September 25, 1999 on Altama Avenue in Brunswick, Georgia.

-72-

Defendant Krauss had not personally observed Mr. Moody operating a vehicle on Altama Avenue in Brunswick on September 25, 1999.

-73-

Rather, Defendant Krauss had been advised by Defendant Powell that he had seen Mr. Moody operating a vehicle on Altama Avenue in Brunswick, Georgia on September 25, 1999.

-74-

Defendant Powell had further advised Defendant Krauss that Mr. Moody's license was suspended at the time Mr. Moody was operating his vehicle on Altama Avenue in Brunswick.

-75-

Neither Defendant Powell nor Defendant Krauss had checked to verify whether Mr. Moody's license was suspended on September 25, 1999.

-76-

When Defendant Powell observed Mr. Moody operating a vehicle on Altama Avenue on September 25, 1999, he was not on duty, and therefore did not have access to the necessary apparatus to check the status of Mr. Moody's license.

-77-

On October 9, 1999 Mr. Moody was stopped in Long County, Georgia by a State Trooper

on charges of playing his radio too loud.

-78-

As a part of the stop the trooper learned of the existence of the suspended license warrant described above.

-79-

The trooper arrested Mr. Moody on the suspended license warrant only.

-80-

As a result of the issuance of the illegal suspended license warrant, Mr. Moody in the Long County Jail for approximately 22 hours while Long County authorities obtained a copy of the suspended license warrant.

-81-

Mr. Moody had to pay a bondsman the sum of $158.00 to obtain his release.

-82-

On November 5, 1999 Mr. Moody was arrested a second time on the same suspended warrant.

-83-

Defendant Powell, again off duty, saw Mr. Moody driving and again without determining the validity of Mr. Moody's license, contacted law enforcement authorities to arrest Mr. Moody.

-84-

Mr. Moody was arrested by the Glynn County Sheriff' office in this same warrant.

V. CLAIM FOR RELIEF

-85-

Mr. Moody incorporates by reference and realleges Paragraphs One (1) through Eighty-four (84) herein through this specific reference

**-86-**

Mr. Moody is a person protected under 42 U.S.C. § 1983.

**-87-**

All Defendants were acting under color of state law at all times relevant to the incidents of this Complaint.

## COUNT I

### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

Mr. Moody incorporates by reference and realleges Paragraphs One (1) through Eighty-seven (87) herein through this specific reference

**-88-**

Defendants acted without probable cause in continuing to hold Mr. Moody after he received the window tint citation, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**-89-**

As a direct and proximate result of Defendants' deprivation of Mr. Moody's constitutional and civil rights under the color of state law, Mr. Moody has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses. Moreover Defendant's conduct was undertaken in utter disregard of Moody's rights.

## COUNT II

## VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

-90-

Mr. Moody incorporates by reference and realleges Paragraphs One (1) through Eighty-nine (89) herein through this specific reference

-91-

Defendants acted negligently and tortiously in failing to check the appropriate records before seeking an arrest of Mr. Moody on suspended license in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

-92-

As a direct and proximate result of Defendants' deprivation of Mr. Moody's constitutional and civil rights under the color of state law, Mr. Moody has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses. Moreover Defendant's conduct was undertaken in utter disregard of Moody's rights.

## COUNT III

## VIOLATION OF GEORGIA LAW

-93-

Mr. Moody incorporates by reference and realleges Paragraphs One (1) through Ninety-two (92) herein through this specific reference

-94-

The misconduct alleged above constitutes malicious prosecution under the laws of Georgia.

-95-

As a direct and proximate result of Defendants' malicious prosecution of Mr. Moody, Mr. Moody has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses. Moreover Defendant's conduct was undertaken in utter disregard of Moody's rights.

## VI. RELIEF REQUESTED

**PATRICK D. MOODY,** Plaintiff in the above-styled action, requests the judgment of this Court against Defendants as follows:

1) Find and hold under Count I that both Defendants have, under color of state law, deprived Mr. Moody of his constitutional and civil rights by continuing to hold Mr. Moody after he received the window tint citation, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. using excessive force which resulted in the breaking of his leg;

2) Find and hold under Count II that both Defendants have, under color of state law, deprived Mr. Moody of his constitutional and civil rights by negligently and tortiously in failing to check the appropriate records before seeking an arrest of Mr. Moody on suspended license in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

3) Order that Mr. Moody be awarded compensatory damages under Count I in an amount to be determined by the jury;

4) Order that Mr. Moody be awarded punitive damages under Count I in an amount to be determined by the jury;

5) Order that Mr. Moody be awarded compensatory damages under Count II in an amount to be determined by the jury;

6) Order that Mr. Moody be awarded punitive damages under Count II in an amount to be determined by the jury;

7) Order that Mr. Moody be awarded compensatory damages under Count III in an amount to be determined by the jury;

8) Order that Mr. Moody be awarded punitive damages under Count III in an amount to be determined by the jury;

9) Enjoin Defendant from any further use of the field test units as they are inherently inaccurate;

10) Order that Mr. Moody be awarded attorney fees, including litigation expenses, and the costs of this action under federal law; and

11) Grant such other and further relief and is just and proper under the circumstances of this case.

**PATRICK D. MOODY DEMANDS A TRIAL BY JURY**

Respectfully submitted this 30th day of November, 2000.

JAMES A. YANCEY, JR.
Attorney for Patrick D. Moody
Georgia State Bar No.: 779725
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562